Per curiam

; we entertain some doubt upon live facts platen in evidence relative to this plea of liberum tcnemen-ium — let the jury give their v»t*(lict as they shall think proper; and if oil tier party be dissatisfied, he may move for a new trial, and then the iaw will be more deliberatety considered.
The jury found Sor the íS: leuda nt, and the cause was no more stirred.
Note. — When tin. plea of liberum Unemuitun is pleaded, which b ralle i to common oar in the action of trespass, if the Defendant has not gtv.-n a name to, or described exactly, too locus in quo, m his d«-claraiion.it becomes necessary for him to malce-i novel assignment, to which the 'Defendant again pleads ; but if the Plaintiff describes the 'units in quo in his declaration, with precision, then the plea of liberum t»ncmcntmm pula it upon 'he Defendant to prove that the locus in qua thus desc’ibfcd, is his freehold; and tin: Plaintiff need oniy deny the plea without a novel assig .men.. Uul in die first case, il the Plain, tit"does not make a new assignment, ascertaining the place, the De-fiendan; may prove any close ihit is the freehold, and that will support his plea. Rut. the freehold, I appr-h.-nd, must he proved ¡o be within the i,.ace laid for the venue. Vide 2 LA. Rep. 1089. Salk. 453. 6 Mo. 119, bid if the action ofitrs sp.u-.s oe, de bonis asportatis, .old the 1) f. mUm pleaded that the locus in quo is his freehold, and hat the goods were th. n damage feasant, then he mum describe the ¡dace with certainly — the locality is a material pan of his plea — and without it the ph-i is not go-si. So u to trespass, the Defendant pleaded son assault proof of an assault by the Viaintf/on the same day, or i.elor. tne action brought, supports the pita. jio th it if in tact there were two halterios, one produced by the Plaintiff’s owii assault, tne other not, the Plaintiff must new i. sign and distinguish the buttery not brought on ¡h his own assault — but it there are two coun'r stating the nvo batteries, and t.vo justifications or pleas of sob assault,- one of them will be untrue, and upon that the Plaintiff mac recover without a new assignment. Buller 92.
Note. — It appears evident from the authorities cited on that head, above that the wife is deemed to continue the estate and pos-esston of the husband after his a nth ; (lie reason of which probably maybe, that if she claimed under the heir and not paramount, her dow"' as being a pari of his estate, might be subject to hi, prior charge.! and incumbrances, which is avoided by her claiming above him. Als.,-5t she claimed under the heir and from him, and was not in, in con tino anee other liusoa. d'.-t estate — then if die husband wa-. tenant in tail, and he died without issue, in that case there would be no heir nor any cstat.. tail, ami she would lose her dower. Yet by l<w she is dowabl", and of necessity die estate tai! of the husband must have continuance as to one third until her death. Vide 8 Rep. 34. 6 Rep. 41. 2 Bac. Ab. 127. Again, were the dower apart of thr hair’s e-~ *217 late, then by the descent h“ might be remitted to his ancient and better title, and the estate descended thereby, cease altogether, and the widow be defeated of dower. This the law does not allow. Her dower therefore is not derived out of the heir’s estate, nor suppor-td by it, but-out of the estate of the husband, continued by fiction of law after his death 5 which fiction is invented for the purpose of avoiding the inconveniences above stated, and others that might result were it not for this fiction.